```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
HUIAN WANG,

                                    Plaintiff,

                -against-

AVI DESAI and AUTO LENDERS LIQUIDATION
CENTER, INC.,

                                  Defendants.
-----------------------------------------------------------------X

**23-CV-9402 (KHP)**

**OPINION ON MOTION FOR SUMMARY JUDGMENT**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff Huian Wang brings this action against Defendant Avi Desai alleging that Defendant's negligence caused a collision between Defendant's car into Plaintiff's e-bike, causing him physical injury and economic loss. Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 (the "Motion"). (ECF No. 47.) For the reasons set forth below, the Motion is DENIED.

**FACTS[1]**

On the afternoon of July 17, 2022,[2] Plaintiff was riding his e-bike down Varick Street. (Def. 56.1 at ¶ 1.) Defendant was also travelling down Varick Street in his 2015 BMW 428I. (*Id.* at ¶¶ 2-4; Desai Deposition Transcript ("Desai Tr.") at 17:4-12.) At the intersection of Varick Street and King Street, Plaintiff's e-bike and Defendant's car collided. (Def. 56.1 at ¶ 2; Pl 56.1 at ¶ 6.)

---

[1] Unless otherwise stated, the following facts are taken from both Plaintiff's and Defendant's Rule 56.1 Statements ("Pl. 56.1." and "Def. 56.1"), and all reasonable inferences are drawn in Plaintiff's favor as the non-moving party. (ECF Nos. 47-2, 48-1.) When necessary to clarify relevant details, the Court supplements the facts in the parties' Rule 56.1 Statements with the parties' deposition testimony.

[2] Plaintiff mistakenly lists a different date in his Statement of Material Facts. (Pl. 56.1 at ¶ 1.) However, the date of the incident does not appear to be in dispute, as Plaintiff admits the assertion in Defendant's Statement of Material Facts that the accident took place on July 17, 2022, and the Complaint lists the same date. (Def. 56.1 at ¶ 1; Complaint, ECF No. 1, at ¶ 19.)

According to Plaintiff, he was riding in the leftmost lane on Varick Street and, from the time he entered Varick Street to the time of the incident, the traffic light was green. (Pl. 56.1 at ¶¶ 2-3.) Plaintiff asserts that Defendant's car struck Plaintiff's bike from behind when Plaintiff was in the middle of the intersection, causing Plaintiff to fall from his bike. (Pl. 56.1 at ¶ 4; Wang Deposition Transcript ("Wang Tr.") at 46:18-25).

Defendant contends that he was driving in the leftmost lane on Varick Street, and Plaintiff's bike, which was riding between the leftmost lane and the lane to the immediate right of it, made contact with the front passenger side quarter panel of Defendant's vehicle. (Def. 56.1 at ¶¶ 4-6.) Defendant testified at his deposition that both his vehicle and Plaintiff's bike were stopped at a red light at the intersection of Varick Street and King Street, with Plaintiff's e-bike roughly level with Defendant's passenger side door mirror. (Desai Tr. 46:14-16, 47:4-10.) Defendant further testified that once the light turned green, both Defendant and Plaintiff began moving and Plaintiff ultimately struck Defendant's passenger-side front quarter panel. (*Id.* at 49:21-50:5.) According to Defendant, there was not enough time for Defendant to swerve and avoid a collision with Plaintiff. (*Id.* at ¶ 9.)

In support of the Motion, defense counsel submitted several photographs. One of the photographs appears to show Plaintiff's e-bike on the ground with plastic bags strewn around it.[3] (ECF No. 47-11 at 93.) Defense counsel also submitted a photo of Defendant's vehicle that defense counsel states depicts the damage from the collision. (ECF No. 47-12.)

---

[3] Defense counsel's affidavit does not explain who took the photograph or when it was taken.

**LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, a court may grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists," but "when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to" an absence of evidence "on an essential element of the nonmovant's claim." *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023) (citation and quotation marks omitted); *see also In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*, 397 F. Supp. 3d 406, 419-20 (S.D.N.Y. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *aff'd sub nom. John v. Whole Foods Mkt. Grp., Inc.*, 823 F. App'x 46 (2d Cir. 2020).  Once a movant has made its showing, "the nonmovant must set forth specific facts showing that there is a genuine issue for trial." *Souza*, 68 F.4th at 108 (citation and quotation marks omitted).  "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact."  *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003) (citation and quotation marks omitted); *see also Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted); *Herlihy v. City of New York*, 654 F. App'x 40, 43 (2d Cir. 2016).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A genuine dispute is present when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party[.]" *Id.* at 248.  To receive consideration, the evidence in the record must be admissible at trial.  *Santos v. Murdock*, 243

F.3d 681, 683 (2d Cir. 2001). The Court must "resolve any doubts and ambiguities and draw all reasonable inferences in favor of the nonmoving party." *Johnson v. L'Oréal USA*, 2023 WL 2637456, at *3 (2d Cir. March 27, 2023) (citation omitted). "Summary judgment is improper if the evidence is such that a reasonable jury could return a verdict for a nonmoving party." *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 258 (2d Cir. 2023) (internal quotation marks and citations omitted).

Under the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, parties to a summary judgment motion are required to each submit a statement of material facts. S.D.N.Y & E.D.N.Y Civ. R. 56.1(a) & (b). The nonmoving party is tasked with responding to each fact asserted by the moving party and each fact that is not specifically denied or controverted may be deemed admitted. *Id.* at 56.1(c). Pursuant to Local Rule 56.1(d), each statement of material fact and each statement denying or controverting a statement of material fact "must be followed by citation to evidence that would be admissible[.]" *Id.* at 56.1(d).

**DISCUSSION**

A. **Negligence Law**

Because this action is before the Court on diversity jurisdiction, state substantive law controls, and because the accident took place in New York, New York law governs. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1272-73 (2d Cir. 1994); *Vazquez v. Zollo*, No. 16-cv-8383 (SN), 2018 WL 2186411, at *2 (S.D.N.Y. May 10, 2018). Pursuant to New York law, a plaintiff seeking to prove negligence "must demonstrate the existence of a duty, the breach of which

may be considered the proximate cause of the damages suffered by the injured party." *Becker v. Schwartz*, 46 N.Y.2d 401, 410 (N.Y. 1978).

Drivers must meet both statutory and common law duties of care. *Allison v. Rite Aid Corp.*, 812 F. Supp. 2d 565, 568 (S.D.N.Y. 2011); *Vazquez*, 2018 WL 2186411, at *2. "[A] violation of an applicable '[s]tate statute that imposes a specific duty constitutes negligence per se.'" *Allison*, 812 F. Supp. 2d 565, 568 (quoting *Elliott v. City of New York*, 95 N.Y.2d 730, 734 (N.Y. 2001)). Summary judgment is appropriate when there is no dispute that a driver violated a statute. *See, e.g., Marrero v. Air Brook Limousine*, No. 13-cv-2791 (CM), 2014 WL 1623706 (S.D.N.Y. Apr. 23, 2014) (granting summary judgment for defendant struck by plaintiff driver who did not use turn signal before changing lanes in violation of New York Vehicle and Traffic Law Section 1128(a)).

In New York, drivers have a duty "to operate their automobiles with reasonable care, taking into account the actual and potential dangers existing from weather, road, traffic and other conditions." *Peralta v. Quintero*, 20 F. Supp. 3d 462, 464 (S.D.N.Y. 2014) (quoting *Hodder v. United States*, 328 F. Supp. 2d 335, 341 (E.D.N.Y. 2004)). Further, courts impose a duty upon a driver of a vehicle to see what should have been seen through the proper and ordinary use of the driver's senses. *See Thomas v. O'Brien*, Nos. 08-cv-3250 (RLM), 2010 WL 785999, at *3 (E.D.N.Y. Feb. 26, 2010); *see also Miller v. Richardson*, 852 N.Y.S.2d 530, 532 (N.Y. App. Div. 2008) (holding that defendant "was negligent in failing to see that which, under the circumstances, [s]he should have seen").

Lastly, New York recognizes comparative negligence rather than contributory negligence. *Matter of Buchanan Marine, L.P.*, 874 F.3d 356, 369 (2d Cir. 2017); *Custodi v. Town*

*of Amherst*, 980 N.E.2d 933, 934 (N.Y. 2012); see also N.Y. C.P.L.R. § 1411 (McKinney).  Under this framework, "liability is split between plaintiffs and defendants based on the relative culpability and causal significance of their conduct."  *Matter of Buchanan Marine, L.P.*, 874 F.3d at 369 (quoting *Integrated Waste Servs., Inc. v. Akzo Nobel Salt, Inc.*, 113 F.3d 296, 300 (2d Cir. 1997)).  As a result, most car accident cases are not appropriately resolved on summary judgment because a jury must evaluate comparative negligence.  *See, e.g., Rios v. Nicoletta*, 500 N.Y.S.2d 730, 731 (N.Y. App. Div. 1986) (holding that a grant of summary judgment is inappropriate when there are questions as to a plaintiff's comparative negligence).

   B. **Analysis**

Defendant Desai argues that there is no evidence that he committed any negligent act, asserting it was Plaintiff Wang's negligence that caused the accident.  Defendant contends that he did not have an opportunity to avoid the accident and therefore his actions must be evaluated under the emergency doctrine, which provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration . . . the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context."  *Rivera v. New York City Tr. Auth.,* 77 N.Y.2d 322, 327 (N.Y. 1991).  Defendant argues that he did not cause the emergency situation, but instead took reasonable action in responding to Plaintiff's actions.  Defendant further contends that Plaintiff violated New York Vehicle and Traffic Law Section 1128(a) by driving between lanes.  Vehicle and Traffic Law Section 1128(a) provides that "a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  N.Y. Veh. & Traf. Law § 1128(a).

Plaintiff maintains that he consistently testified during his deposition that he was traveling in the leftmost lane and that the rear of his bike was struck by Defendant's vehicle. Plaintiff denies that he changed lanes, and asserts that any contradictions between the parties' testimony should be left to the trier of fact to evaluate, rather than handled on summary judgment. Finally, Plaintiff contends that Defendant's citation to the emergency doctrine is inapposite because Defendant was not faced with an emergency situation.

Critically, the parties are not in agreement regarding the basic facts leading up to the collision, such as the lanes in which each party was driving, or whether it was Defendant's car or Plaintiff's bike that precipitated the impact. While Defendant claims that the accident occurred because Plaintiff was straddling two lanes and suddenly maneuvered his bike into Defendant's lane, Plaintiff alleges that Defendant was driving behind him and rear-ended his e-bike. Thus, whether Plaintiff violated traffic law is disputed. Defendant argues that Plaintiff's deposition testimony is not credible, and not supported by the evidence, citing to a portion of Plaintiff's testimony in which Plaintiff states that his recollection of the accident is imperfect. (Wang Tr. at 8:23-9:3.) But apart from the parties' deposition testimony, there is very limited evidence in the record. Defendant references photographs of his car and Plaintiff's e-bike submitted in support of the Motion, asserting that the photographs show damage to the right front quarter panel of Defendant's vehicle while photos of Plaintiff's e-bike show no damage at all. (ECF No. 47.11). But it is difficult to identify damage to either Plaintiff's bike or Defendant's vehicle from the photographs submitted by Defendant. Contrary to Defendant's contention, the photographs do not discredit Plaintiff's version of events because there is a dispute of fact as to whether the scratch was caused by Plaintiff hitting the side of the car. Most importantly,

it is well-established that "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996); *see also Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("In applying th[e] [summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses."). Drawing all inferences in favor of the non-moving party, this Court cannot say that no reasonable juror could credit Plaintiff's version of events, and conclude that Defendant breached his duty of care by rear-ending Plaintiff. Because the parties dispute what and who caused the accident, which are material facts relevant to liability, summary judgment is not appropriate.[4]

For the same reasons, the issue of comparative negligence, if applicable, cannot be resolved based on the existing factual disputes. *See Vazquez*, 2018 WL 2186411, at *3 ("[d]etermination of the degree to which each party may be comparatively negligent is ... a question of triable fact that precludes summary judgment"); *Rios*, 500 N.Y.S.2d at 731 (denying summary judgment for plaintiff in a case where defendant's vehicle struck plaintiff because of unresolved material issues of fact concerning plaintiff's comparative negligence).

---

[4] Defendant relies on *Graci v. Kingsley*, where the court found that the emergency doctrine applied when the defendants made a prima facie showing that the driver was presented with an emergency situation, not of his own doing, and acted reasonably in response to the emergency. 146 A.D.3d 864, 865 (N.Y. App. Div. 2017). But in that case, the plaintiff had not raised any triable issues of fact, which enabled the court to grant the motion for summary judgment. Here, there are genuine disputes of material fact which prevent the grant of summary judgment. The other cases cited by Defendant are similarly distinguishable because in those cases one of the parties had made a prima facie showing that he or she had the right of way. *See Yelder v. Walters*, 64 A.D.3d 762, 764 (N.Y. App. Div. 2009); *Smith v. Omanes*, 123 A.D.3d 691 (N.Y. App. Div. 2014); *Ducie v. Ippolito*, 95 A.D.3d 1067 (N.Y. App. Div. 2012).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is DENIED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 47.**

**SO ORDERED.**

DATED:   New York, New York
February 24, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge